1
2
3
4
5
6
7
8

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

9

10

JAMES ERNEST DICKERSON,

11

Plaintiff,

12

v.

13

ROBERT LYNN ROGERS,

14

Defendant.

15

16

17

18

Case No.  C06-5419FDB

REPORT AND
RECOMMENDATION TO
DISMISS THIS ACTION PRIOR
TO SERVICE WITH THE
DISMISSAL COUNTING AS A
STRIKE PURSUANT TO 28
U.S.C. 1915 (g)

**NOTED FOR:**
**September 22nd, 2006**

19

20

21

22

        This civil rights action brought pursuant to 42 U. S.C. § 1983 has been referred to the undersigned
Magistrate Judge pursuant to Title 28 U.S.C. § 636(b)(1)(B). The Court has screened this complaint and
recommends the complaint be dismissed prior to service as frivolous, for failure to state a claim, and with
the dismissal counting as a strike under the Prison Litigation Reform Act.

23

24

25

26

27

        Plaintiff names the attorney who represented him in his criminal case as the sole defendant in this
action. Plaintiff's primary focus appears to be that in 1988 a patient in a nursing center made false
accusations of sexual improprieties against Mr. Dickerson.  Mr. Dickerson worked in the nursing center as
a nursing assistant.  He claims he would not be in prison now if the false accusations had not been made.
He also claims his counsel was incompetent.  (Dkt. # 1, Proposed complaint, page 3).

28

        Plaintiff asks for One Hundred and Twenty Million Dollars and for an order granting him the right

1   to attend Gonzaga School of Law.  He also asks the court to grant him the "right to take Mr. Rogers into a

2   law firm of my creation so that I can insure no further governmental misconduct."  (Dkt. # 1, proposed

3   complaint, page 4).

4                                              DISCUSSION

5          A complaint is frivolous when it has no arguable basis in law or fact.  Franklin v. Murphy, 745 F.2d

6   1221, 1228 (9th Cir. 1984).  When a complaint is frivolous, fails to state a claim, or contains a complete

7   defense to the action on its face, the court may dismiss an *in forma pauperis* complaint before service of

8   process under 28 U.S.C. § 1915(e) (2).  Noll v. Carlson, 809 F.2d 1446, 575 (9th Cir. 1987) (*citing*

9   Franklin v. Murphy, 745 F.2d 1221, 1228 (9th Cir. 1984)).  A plaintiff must allege a deprivation of a

10  federally protected right in order to set forth a *prima facie* case under 42 U.S.C. §1983.  Baker v.

11  McCollan, 443 U.S. 137, 140 (1979).  In order to state a claim under 42 U.S.C. § 1983, a complaint must

12  allege that (l) the conduct complained of was committed by a person acting under color of state law and

13  that (2) the conduct deprived a person of a right, privilege, or immunity secured by the Constitution or

14  laws of the United States.  Parratt v. Taylor, 451 U.S. 527, 535 (1981), *overruled on other grounds*,

15  Daniels v. Williams, 474 U.S. 327 (1986).  Section 1983 is the appropriate avenue to remedy an alleged

16  wrong only if both of these elements are present.  Haygood v. Younger, 769 F.2d 1350, 1354 (9th Cir.

17  1985), *cert. denied*, 478 U.S. 1020 (1986).  Section 1915(e) of the PLRA requires a district court to

18  dismiss an in forma pauperis complaint that fails to state a claim.  28 U.S.C. § 1915; Barren v. Harrington,

19  152 F.3d 1193, 1194 (9th Cir.1998).

20         Mr. Dickerson's complaint fails on every prong of the legal test.  Plaintiff does not present a § 1983

21  claim because his attorney, despite the fact that he was not privately retained, is a private party who did not

22  act under color of state law.  *See* Polk County v. Dodson, 454 U.S. 312, 317-18 (1981).  Moreover, if

23  plaintiffs actually suffered due to the ineffectiveness of his attorney's performance during state court

24  proceedings, this § 1983 case would similarly be dismissed pursuant to Heck v. Humphrey, 114 S.Ct. 2364

25  (1994), since the issue of ineffectiveness of counsel necessarily calls into question the fact or duration of

26  plaintiff's conviction and plaintiff ha not alleged that the underlying conviction has been overturned,

27  expunged, or otherwise invalidated.

28         This court is aware of Mr. Dickerson filing a Habeas petition challenging his conviction in 2005.

Report and Recommendation
Page - 2

1   The court takes judicial notice of this other action.  <u>Dickerson v Porter</u>, CV 5-5793RJB.  Mr. Dickerson's

2   Habeas petition was time barred by several years.  (Dickerson v. Porter, CV 5-5793RJB Dkt. # 85 and 99).

3      A court should dismiss a claim under Fed.R.Civ.P. 12(b) if it appears beyond doubt that

4   the plaintiff can prove no set of facts to support the claim that would entitle the plaintiff to relief.  <u>Keniston</u>

5   <u>v. Roberts</u>, 717 F.2d 1295, 1300 (9th Cir. 1983),   Normally a plaintiff is given an opportunity to amend

6   prior to dismissal of an action.  Here, amendment cannot cure the defects in the complaint.

7      The court recommends this action be DISMISSED WITH PREJUDICE, as frivolous and for

8   failure to state a claim.  This dismissal counts as a strike pursuant to 28 U. S. C. 1915 (g).  A proposed

9   order accompanies this Report and Recommendation.

10      Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal rules of Civil Procedure, the

11   parties shall have ten (10) days from service of this Report to file written objections.  *See also* Fed. R. Civ.

12   P. 6.  Failure to file objections will result in a waiver of those objections for purposes of appeal.  <u>Thomas v.</u>

13   <u>Arn</u>, 474 U.S. 140 (1985).  Accommodating the time limit imposed by Rule 72(b), the clerk is directed to

14   set the matter for consideration on **September 22nd, 2006**, as noted in the caption.

16      DATED this 30th day of August, 2006.

18         <u>/S/ *J. Kelley Arnold*</u>
19         J. Kelley Arnold
            United States Magistrate Judge